# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# CHARLESTON DIVISION

| | |
|---|---|
| Ivory Henry, | ) |
| | ) |
|       Plaintiff, | )    C.A. No.: 2:16-cv-3884-PMD-MGB |
| | ) |
|   v. | )    **ORDER** |
| | ) |
| Nancy A. Berryhill, Acting | ) |
| Commissioner of the Social Security | ) |
| Administration, | ) |
| | ) |
|       Defendant. | ) |
| | ) |

This matter is before the Court on Plaintiff Ivory Henry's objection to United States Magistrate Judge Mary Gordon Baker's report and recommendation ("R & R") (ECF Nos. 16 & 14). The Magistrate Judge recommends that the Commissioner's decision be affirmed. For the reasons stated herein, the Court overrules Henry's objection and adopts the R & R.

## STANDARD OF REVIEW

The Magistrate Judge makes only a recommendation to this Court. The R & R has no presumptive weight, and the responsibility for making a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). Parties may make written objections to the Magistrate Judge's recommendations and proposed findings within fourteen days after being served with a copy of the R & R. 28 U.S.C. § 636(b)(1). This Court must conduct a de novo review of any portion of the R & R to which a specific objection is made, and the Court may accept, reject, or modify the Magistrate Judge's findings and recommendations in whole or in part. *Id.* Additionally, the Court may recommit the matter to the Magistrate Judge with instructions. *Id.* A party's failure to object is taken as the party's agreement with the Magistrate Judge's conclusions. *See Thomas v. Arn*, 474 U.S. 140, 151–52 (1985). Absent a timely, specific

objection—or as to those portions of the R & R to which no specific objection is made—this Court "must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

**DISCUSSION**

Henry raises only one objection to the R & R. Specifically, he argues that the ALJ improperly concluded that his mental impairments were not severe. As a result, the ALJ did not include those impairments in combination with his other impairments when assessing his residual functional capacity ("RFC"). Henry raised this exact same argument before the Magistrate Judge. Accordingly, it is not a proper objection. *See, e.g.*, *Anderson v. Dobson*, 627 F. Supp. 2d 619, 623 (W.D.N.C. 2007) ("An 'objection' that . . . simply summarizes what has been presented before, is not an 'objection' as that term is used in this context." (citation and quotation marks omitted)). Moreover, the Court fully agrees with the Magistrate Judge's analysis and independently concludes that the ALJ's decision is supported by substantial evidence. Accordingly, the Court overrules Henry's objection and adopts the Magistrate Judge's R & R as its own opinion.

**CONCLUSION**

For the reasons stated herein, it is **ORDERED** that Henry's objection is **OVERRULED**, that the R & R is **ADOPTED**, and that the Commissioner's decision is **AFFIRMED**.

**AND IT IS SO ORDERED.**

*[signature]*
PATRICK MICHAEL DUFFY
United States District Judge

**March 13, 2018**
**Charleston, South Carolina**